BEFORE THE SECOND DIVISION, FEBRUARY 20, 1962

No. 66474.—United China and Glass Company *v.* United States, petitions 7245–R and 7246–R (New Orleans).

FORD, Judge: These are petitions for the remission of additional duties filed under the provisions of section 489 of the Tariff Act of 1930, assessed by

reason of the undervaluation upon entry of an importation, consisting of chinaware and earthenware from Japan. The merchandise was entered in three entries made in September and November 1948.

The record herein establishes that additional duties resulted by reason of undervaluation, due to a difference of opinion between the petitioner and the collector as to whether certain inland charges were part of the dutiable value. It appears that the entries covered by the above petitions after appraisement were the subject of appeals for reappraisement, which were subsequently abandoned as a result of an adverse decision on the inland freight issue.

Jerome Levy, vice president of petitioner, with whom he has been associated for 38 years, was called on behalf of petitioner and testified that he supervised the entries of the merchandise in question and directed the customs broker to increase the invoice value to conform to the current market value in all instances where his information was indicative of a higher value than shown on the invoices. In the entries before the court, there are numerous examples of such increases made on behalf of petitioner. Mr. Levy stated that, at the time of making the entries, it was his opinion that the inland charges were nondutiable. Accordingly, he entered the merchandise at the unit price, less the inland charges and certain commissions.

It is the contention of petitioner that the differential between the entered value and the appraised value is attributable to the prorata portion of the inland charges. Government counsel replying to a question by the court agreed that this was a correct statement.

Based upon the record before the court and the concession of the Government as to the correctness of petitioner's contention, it is our opinion that the undervaluation of the merchandise was due to an honest difference of opinion as to the dutiability of the inland charges, and the court is satisfied that the entry was made without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. *Newland, Schneelock & Piek, Inc.* v. *United States*, 43 Cust. Ct. 288, Abstract 63198.

The petitions are, therefore, granted and judgment will be entered accordingly.